IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRED GORSTEIN & AVIVA GORSTEIN<br>    **Plaintiffs,**<br>  v.<br>ANTHONY GLENN, *et al.*<br>    **Defendants.** | CIVIL ACTION NO. 22-2487 |

## MEMORANDUM OPINION

**Rufe, J.**　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**February 17, 2023**

　　　　This action stems from an automobile collision between Plaintiff Fred Gorstein and Defendant Anthony Glenn. Gorstein and his wife, Aviva Gorstein,[1] brought suit in the Delaware County Court of Common Pleas, asserting claims for negligence, loss of consortium, and punitive damages against Glenn, and breach of contract and bad faith against the American Select Insurance Company and the Westfield Insurance Group ("Westfield Defendants").[2] Westfield Defendants removed the case to this Court based on diversity of citizenship, alleging that Gorstein fraudulently joined Glenn to defeat diversity.[3] Gorstein and Glenn are both citizens of Pennsylvania, while Westfield Defendants are citizens of Ohio.[4] Gorstein now moves to remand.[5] For the reasons stated below, the case will be remanded to the Delaware County Court of Common Pleas.

---

[1] This Memorandum uses "Gorstein" to refer only to Fred Gorstein, the injured plaintiff.

[2] Defs.' Pet. Removal Ex. A [Doc. No. 1] ("Compl.") ¶¶ 20, 33, 40, 100.

[3] *See* Defs.' Pet. Removal [Doc. No. 1] ¶¶ 12-21.

[4] Defs.' Pet. Removal [Doc. No. 1] ¶¶ 13, 15; Defs.' Mem. Opp. Pls.' Mot. Remand [Doc. No. 10-1] at ECF page 2.

[5] Pls.' Mot. Remand [Doc. No. 6].

I. **BACKGROUND**[6]

On April 30 2021, Gorstein was operating his vehicle eastbound on West Chester Pike, a highway in Delaware County, when he stopped for a red traffic signal at its intersection with Lawrence Road.[7] While Glenn was driving westbound on the same highway, approaching Lawrence Road, he lost control of his vehicle, crossed over a concrete median, and collided with the front end of Gorstein's car.[8] After police arrived at the location, one officer detected a strong odor of marijuana emanating from Glenn's vehicle and noted that his eyes appeared "glassy [and] red" and that he was "slow to respond to questions."[9] The officer asked Glenn whether he had consumed marijuana, and Glenn replied that he had "smoked a blunt" prior to the accident.[10] The officer administered a field sobriety test, which Glenn failed.[11] As a result of the collision, Gorstein sustained serious injuries to his hands, right shoulder, and spine, and required medical treatment including surgery.[12]

Roughly one year later, Glenn's automobile liability insurance provider offered to tender its policy limits of $15,000.[13] Gorstein refused the offer and filed a claim for underinsured motorist ("UIM") benefits with Westfield Defendants.[14] Gorstein's policy with Westfield Defendants provided $250,000 in UIM benefits ("the Westfield Policy"), subject to an

---

[6] The following facts are either undisputed or taken in the light most favorable to Gorstein. *In re Briscoe*, 448 F.3d 201, 217 (3d Cir. 2006) (quoting *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851-52 (3d Cir.1992)) ("In evaluating the alleged fraud, the district court must focus on the plaintiff's complaint at the time the petition for removal was filed. In so ruling, the district court must assume as true all factual allegations of the complaint.").

[7] Compl. ¶ 6.

[8] Compl. ¶ 7.

[9] Compl. ¶¶ 9, 10.

[10] Compl. ¶ 10.

[11] Compl. ¶ 10.

[12] Compl. ¶¶ 17, 19.

[13] Compl. ¶ 84.

[14] *See* Compl. ¶ 84.

exhaustion clause requiring that "[t]he limits of liability under any applicable bodily injury liability bonds or policies [be] exhausted by payment of judgments or settlements[.]"[15] Westfield Defendants offered $50,000 to settle Gorstein's claims, on the ground that "Gorstein had pre-existing conditions."[16] Gorstein refused the offer and filed this lawsuit several weeks later.[17]

## II.     DISCUSSION

### A. Fraudulent Joinder

Fraudulent joinder occurs when a defendant is joined solely to defeat removal of an action from state to federal court.[18] As the proponent of federal jurisdiction, the removing party bears a "heavy burden of persuasion" to prove that a party has been fraudulently joined.[19] The removing defendant must show that there is "no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment."[20] Joinder is proper "if there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants."[21] The district court may conduct only a "limited piercing of the allegations"[22] and "all doubts should be resolved in favor of remand."[23]

---

[15] Defs.' Mem. Opp. Pls.' Mot. Remand [Doc. No. 10-1] at ECF page 4.

[16] Compl. ¶¶ 89, 92.

[17] *See* Compl. ¶¶ 89, 93.

[18] *See Brown v. Jevic*, 575 F.3d 322, 326-27 (3d Cir. 2009); *In re Briscoe*, 448 F.3d at 215-16.

[19] *In re Briscoe*, 448 F.3d at 217.

[20] *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 32 (3d Cir. 1985) (citation omitted).

[21] *Markham v. Ethicon, Inc.*, 434 F. Supp. 3d 261, 265 (E.D. Pa. 2020) (quoting *Boyer v. Snap–On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990)).

[22] *Boyer*, 913 F.2d at 112.

[23] *In re Briscoe*, 448 F.3d at 217.

The Complaint alleges that Glenn and Westfield Defendants are "jointly and/or severally liable" for the damages sought.[24] Westfield Defendants aver that Gorstein lacks any colorable claim against Glenn because (1) it is improper to join UIM benefit claims with third-party negligence claims, and (2) Gorstein has failed to exhaust the limits of Glenn's liability policy.[25]

Westfield Defendants argue that the instant joinder is "completely contrary to Pennsylvania law" and that no Pennsylvania court would permit Gorstein to sue both Glenn and Westfield Defendants in the same cause of action.[26] However, upon review of Pennsylvania law, the Court finds a split of authority as to whether claims against a tortfeasor and UIM insurer may be joined under Pennsylvania's permissive joinder rule.[27] As the Superior Court noted in *Richner v. McCance*,[28] many Pennsylvania trial courts have concluded that "the third party claims and the underinsured motorist claims arose out of the same occurrence, i.e., the motor vehicle accident, and involved the same factual questions of liability and damages."[29] Nonetheless, the *Richner* Court declined to decide "the propriety of the joinder of third party liability claims with . . . UIM benefit claims."[30]

---

[24] Compl. ¶ 20.

[25] *See* Defs.' Mem. Opp. Pls.' Mot. Remand [Doc. No. 10-1] at ECF pages 7-11.

[26] Defs.' Resp. Opp. Pls.' Mot. Remand [Doc. No. 10] at ECF page 2.

[27] *Compare Firoozifard v. Krome*, No. 09-14369, 2010 WL 2666306, at *2 n.1 (Pa. Ct. Com. Pl. Northampton Co. June 21, 2010) (finding that third party claims and underinsured motorist claims "share common questions of fact affecting the defendants' liability–the negligence of the drivers and the amount of damages suffered by Plaintiff"), and *Bradish-Klein v. Kennedy*, No. 09-11548, 2009 WL 6919625, 13 Pa. D. & C. 5th 445, 447 (Pa. Ct. Com. Pl. Beaver Co. Dec. 3, 2009) (holding "that the third-party and underinsured motorist claims arose out of the same occurrence which was the motor vehicle accident, and involved the same factual questions of liability and damages"); with *Thomas v. Titan Auto Ins.*, No. 3050, 2010 WL 4053347, at *3 (Pa. Ct. Com. Pl. Phila. Co. Sep. 16, 2010) (finding that "issues of whether a negligence duty is owed and breached by [the tortfeasors] and whether plaintiffs are entitled to benefits under the UIM policy of Nationwide and Titan are separate and distinct").

[28] 13 A.3d 950 (Pa. Super. Ct. 2011).

[29] *Id.* at 960 n.4.

[30] *Id.*

Westfield Defendants do not cite, nor has the Court independently found, any Pennsylvania appellate decision that resolves this issue in Westfield Defendants' favor. Although a district court sitting in diversity "will occasionally be forced to make predictions about unsettled Pennsylvania law," doing so "in the absence of a dispositive holding of the state supreme court often verges on the lawmaking function of that state court."[31] Thus, in the absence of controlling authority, the Court finds that the "possibility" exists that a state court would permit the joinder of Gorstein's claims.[32]

Westfield Defendants next argue that Gorstein "has no serious intention" of pursuing his claims against Glenn because he did not accept Glenn's liability-limits tender, which was required by the Westfield Policy's exhaustion clause.[33] Westfield Defendants offer no legal support for their position that Gorstein's refusal to settle with Glenn establishes that Glenn was fraudulently joined. Instead, they conclusively assert that the exhaustion clause "demonstrates the impossibility" of Gorstein's claims against Glenn, and that Gorstein "sued all the parties together in an effort to avoid diversity of citizenship jurisdiction."[34]

As a threshold matter, the Pennsylvania Superior Court has cautioned against the strict enforcement of exhaustion clauses, as they may "have the effect of failing to provide the protection intended by the legislature for an insured driver," and thus should not be construed as "a barrier to underinsured motorist coverage."[35] Notwithstanding these policy implications,

---

[31] *Kennedy v. Allstate Prop. & Cas. Ins. Co.*, No. 15-2221, 2015 WL 4111816, at *4 (E.D. Pa. July 8, 2015) (citations omitted).

[32] *See Boyer*, 913 F.2d at 111; *see also Bradley-Williams v. Agency Ins. Co. of Maryland, Inc.*, 282 F. Supp. 3d 882, 885 (E.D. Pa. 2017) (collecting cases) ("Where Pennsylvania law does not expressly prohibit a claim for which there may be a colorable basis, district judges have hesitated to exclude the possibility of a remedy.").

[33] Defs.' Pet. Removal [Doc. No. 1] ¶¶ 18-19; *see* Defs.' Mem. Opp. Pls.' Mot. Remand [Doc. No. 10-1] at ECF page 4.

[34] Defs.' Mem. Opp. Pls.' Mot. Remand [Doc. No. 10-1] at ECF pages 10-11.

[35] *Boyle v. Erie Ins. Co.*, 656 A.2d 941, 943 (Pa. Super. Ct. 1995).

Westfield Defendants fail to explain how the exhaustion clause, which appears to relate only to Gorstein's UIM claims, has any bearing on whether Gorstein states colorable claims against Glenn. Even if the Court assumes that Gorstein named Glenn with the specific goal of defeating diversity, this motivation "[would] not matter to the fraudulent joinder analysis" so long as Gorstein has a good faith legal basis upon which to assert his claims. [36]

While the Court makes no determinations on the merits of the parties' claims, Westfield Defendants have failed to satisfy their heavy burden of demonstrating that Gorstein's claims against Glenn are without "reasonable basis in fact or colorable ground supporting [them]."[37] Accordingly, the Court declines to find that fraudulent joinder is applicable in this case, and Gorstein's motion to remand will be granted.

### B. Costs and Attorneys' Fees

Plaintiffs seek statutory costs, expenses, and attorneys' fees incurred while filing this motion to remand. It is within the discretion of the court to determine whether to award attorneys' fees and costs incurred as a result of removal.[38] "[A]bsent unusual circumstances, attorneys' fees should not be awarded when the removing party has an objectively reasonable basis for removal."[39] Courts limit the award of attorneys' fees and costs to "situations where nonremovability is obvious or where a defendant did not act in good faith."[40] Additionally, the

---

[36] *Battista v. Broomall Operating Co. LP*, No. 22-1792, 2022 WL 1774262, at *2 (E.D. Pa. June 1, 2022) (citing *Abels*, 770 F.2d at 32).

[37] *See Abels*, 770 F.2d at 32 (citation omitted).

[38] *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (U.S. 2005).

[39] *Id.*

[40] *Zgrablich v. Cardone Indus., Inc.*, No. 15-4665, 2016 WL 427360, at *8 (E.D. Pa. Feb. 3, 2016) (citation omitted).

Third Circuit has been hesitant to uphold an award of attorneys' fees where the asserted grounds for removal involve unsettled legal issues.[41]

In this case, Plaintiffs fail to provide any factual support or legal argument for their request. The Court finds that Defendants' removal, which involved unsettled areas of state law, was not so obvious and unreasonable as to justify fees. Plaintiffs' request will therefore be denied.

### III.   CONCLUSION

For the reasons stated above, this action will be remanded to the Delaware County Court of Common Pleas, and Plaintiffs' demand for attorneys' fees and costs will be denied. An appropriate order follows.

---

[41] *See Roxbury Condominium Ass'n, Inc. v. Anthony S. Cupo Agency*, 316 F.3d 224, 228 (3d Cir. 2003).